THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON J. DUQUIN, Appellant. [810 NYS2d 758]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 20, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that Supreme Court erred in denying his motion to dismiss the CPL 400.15 statement and in sentencing him as a second violent felony offender because the People failed to comply with the pleading requirements of the statute. Specifically, defendant contends that the People failed to comply with CPL 400.15 (2) because they failed to set forth "the date of commencement and the date of termination as well as the place of imprisonment for each period of incarceration to be used for tolling of the ten year limitation period set forth in [Penal Law § 70.04 (1) (b) (iv)]" (id.). The tolling provision applies to convictions that are at least 10 years old, measured from the date of the prior sentencing to the date of the commission of the new offense. Because the date of defendant's prior conviction herein was less than 10 years from the date of defendant's sentencing as a second violent felony offender, it necessarily follows that the date of defendant's prior sentencing and the termination thereof was less than 10 years from the date of the commission of the offense upon which defendant was sentenced herein. Thus, the People were not required to include the information sought by defendant in the CPL 400.15 statement. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Green, JJ.